SEDGWICK LLP
BRUCE D. CELEBREZZE  Bar No. 102181
bruce.celebrezze@sedgwicklaw.com
NICHOLAS J. BOOS  Bar No. 233399
nicholas.boos@sedgwicklaw.com
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Plaintiff
NATIONAL UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA.

ORIGINAL FILED

APR 19 2011

E-filing RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

DMR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.,<br><br>Plaintiff,<br><br>v.<br><br>PAYLESS SHOE SOURCE, INC. and COLLECTIVE BRANDS, INC.,<br><br>Defendants. | Case No. CV-11 1892<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") hereby makes its Complaint against Defendants Payless Shoe Source, Inc. ("Payless") and Collective Brands, Inc. ("Collective Brands"), and alleges as follows:

I. **NATURE OF THE ACTION**

1. This is a liability insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. National Union seeks a determination of the parties' rights and obligations with respect to the Underlying Lawsuits, as identified in this Complaint, under commercial umbrella liability policies issued by National Union to Payless and Collective

Brands (the "Umbrella Policies"). Disputes exist between the parties regarding whether there is coverage for the claims against Payless and Collective Brands in the Underlying Lawsuits. Consequently, National Union seeks a declaration that:

    (a)    The Umbrella Policies do not provide coverage for Payless or Collective Brands for any of the claims in the Underlying Lawsuits;

    (b)    National Union has no duty to defend Payless or Collective Brands in the Underlying Lawsuits; and

    (c)    National Union has no duty to indemnify Payless or Collective Brands in the Underlying Lawsuits.

## II. PARTIES

2. National Union is an insurance company organized and existing under the laws of the State of Pennsylvania with its principal place of business in the State of New York, and is authorized to issue policies of insurance within the State of California. National Union is a citizen of the states of Pennsylvania and New York.

3. Upon information and belief, Payless Shoe Source, Inc. is a Missouri corporation that has its principal place of business in Topeka, Kansas and conducts significant business activities in the State of California.

4. Upon information and belief, Collective Brands, Inc. is a Delaware corporation that has its principal place of business in Topeka, Kansas and conducts significant business activities in the State of California.

## III. JURISDICTION AND VENUE

5. This declaratory judgment action is brought pursuant to 28 US.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

6. An actual justiciable controversy exists between National Union and Payless and Collective Brands, within the meaning of 28 US.C. § 2201, regarding the scope and extent of insurance coverage provided under the Umbrella Policies, as more particularly described below.

///

7.  This Court has diversity jurisdiction pursuant to 28 US.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the suit is between citizens of different states.

8.  Venue is proper in this Court pursuant to 28 US.C. § 1391(a) in that a substantial part of the events giving rise to this claim occurred in this District.

## IV. THE UNDERLYING LAWSUITS

9.  This action addresses insurance coverage for two purported class action lawsuits brought against Payless and Collective Brands (collectively, the "Underlying Lawsuits"): (1) *Ken Ray Clark and Josh Assing v. Payless Shoesource, Inc., Collective Brands, Inc., and SmartReply, Inc.*, Case No. 2:09-cv-00915-JCC, which was originally filed in Washington State court and was removed to the United States District Court for the Western District of Washington, Seattle, on or about July 2, 2009 (the "Clark Lawsuit"); and (2) *Mohammad Kazemi v. Payless Shoesource, Inc., Collective Brands, Inc., and Voice-Mail Broadcasting Corporation d/b/a Voice & Mobile Broadcast Corporation a/k/a VMBC*, Case No. 3:09-cv-05142-MHP, which was originally filed on or about October 29, 2009 and is currently pending in this Court (the "Kazemi Lawsuit").

10. The Clark Lawsuit, which is a purported class action, asserts four counts against Payless and Collective Brands: (1) Count A for violation of the Telephone and Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227(b)(1)(B); (2) Count B for violation of Section 80.36.400 of the Revised Code of Washington ("RCW"); (3) Count C for violation of RCW Section 19.86, which is the Washington Consumer Protection Act; and (4) Count D for declaratory relief under the Washington Declaratory Judgment Act, RCW Section 7.24.010. Specifically, the Clark Lawsuit alleges that Payless and Collective Brands sent pre-recorded telephone messages soliciting Payless' merchandise to the plaintiffs using an automated dialing and announcing device and that such conduct violates the above statutes. It also alleges that similar calls were placed to two classes made up of: (1) persons in Washington State; and (2) persons in other states.

11. The Kazemi Lawsuit, which is a purported class action, asserts two causes of action against Payless and Collective Brands for violating the following provisions of the TCPA: (1) 47 U.S.C. § 227(b)(1)(A); and (2) 47 U.S.C. § 226(c)(5). In the Kazemi Lawsuit, plaintiffs allege that Payless and Collective Brands sent unauthorized text-messages advertising Payless' products to the plaintiff's mobile phone in violation of the TCPA. It also alleges that similar messages were sent to two classes made up of: (1) persons who received one or more text messages from defendants within four years prior to the filing of the Kazemi Lawsuit; and (2) persons who received more than one text messages from defendants within any 12-month period.

### V. TENDER TO NATIONAL UNION

12. Payless and Collective Brands tendered defense of the Clark Lawsuit to National Union on or about July 12, 2010. By letter dated September 16, 2010, National Union denied coverage for the Clark Lawsuit under the Umbrella Policies, declined to defend Payless and Collective Brands against the Clark Lawsuit, and rejected any claim for indemnity for liability incurred in the Clark Lawsuit.

13. Payless and Collective Brands tendered defense of the Kazemi Lawsuit to National Union on or about March 11, 2010. By letter dated October 21, 2010, National Union denied coverage for the Kazemi Lawsuit under the Umbrella Policies, declined to defend Payless and Collective Brands against the Kazemi Lawsuit, and rejected any claim for indemnity for liability incurred in the Kazemi Lawsuit.

### VI. THE INSURANCE POLICIES

14. National Union issued the following commercial umbrella liability policies to Payless and Collective Brands: (1) Policy No. 9834671, which was issued to Payless, and is effective for the period of February 1, 2007 to February 1, 2008 (the "2007/2008 Umbrella Policy"); (2) Policy No. 9835528, which was issued to Collective Brands, and is effective for the period of February 1, 2008 to February 1, 2009 (the "2008/2009 Umbrella Policy"); and (3) Policy No. 2227231, which was issued to Collective Brands, and is effective for the period of February 1, 2009 to February 1, 2010 (the "2009/2010 Umbrella Policy"). The Umbrella

Policies provide coverage in excess of the Retained Limit, which includes the total limits of Scheduled Underlying Insurance and any applicable Other Insurance, or the Self-Insured Retention applicable to each Occurrence that results in damages not covered by the Scheduled Underlying Insurance or any applicable Other Insurance.

15. As specified in the Umbrella Policies, and as set out in detail below, the coverage that National Union agreed to provide is limited, and is subject to certain definitions, scope and date restrictions, insuring agreements, retained and aggregate policy limits, as well as exclusions, more fully set out in the Umbrella Policies.

16. The Umbrella Policies provide, in relevant part, as follows:

I. **INSURING AGREEMENT – COMMERCIAL UMBRELLA LIABILITY**

    A. We will pay on behalf of the **Insured** those sums in excess of the **Retained Limit** that the **Insured** becomes legally obligated to pay as damages by reason of liability imposed by law because of **Bodily Injury**, **Property Damage** or **Personal Injury and Advertising Injury** to which this insurance applies or because of **Bodily Injury** or **Property Damage** to which this insurance applies assumed by the **Insured** under an **Insured Contract**.

    The amount we will pay for damages is limited as described in Section IV, Limits of Insurance.

    B. This policy applies, only if:

        1. **Bodily Injury** or **Property Damage** is caused by an **Occurrence** that takes place anywhere, and the **Bodily Injury** or **Property Damage** occurs during the **Policy Period**; and

        2. the **Personal Injury and Advertising Injury** is caused by an **Occurrence** that takes place anywhere arising out of your business, but only if the **Occurrence** was committed during the **Policy Period**.

        \*   \*   \*

III.[1] **DEFENSE PROVISIONS**

    A. We will have the right and duty to defend any **Suit** against the **Insured** that seeks damages for **Bodily Injury**, **Property Damage**

---

[1] This section is amended by Endorsement No. 3 to the 2007/2008 Umbrella Policy.

or **Personal Injury and Advertising Injury** covered by this policy, even if the **Suit** is groundless, false or fraudulent when:

1. the total applicable limits of **Scheduled Underlying Insurance** have been exhausted by payment of **Loss** to which this policy applies and the total applicable limits of **Other Insurance** have been exhausted; or

2. the damages sought because of **Bodily Injury, Property Damage** or **Personal Injury and Advertising Injury** would not be covered by the **Scheduled Underlying Insurance** or any applicable **Other Insurance**, even if the total applicable limits of either the **Scheduled Underlying Insurance** or any applicable **Other Insurance** had not been exhausted by the payment of **Loss.**

If we are prevented by law or statute from assuming the obligations specified under this provision, we will pay any expenses incurred with our consent.

B. We will have no duty to defend the **Insured** against any **Suit** seeking damages for **Bodily Injury, Property Damage** or **Personal Injury and Advertising Injury** to which this insurance does not apply.

\* \* \*

V. EXCLUSIONS

\* \* \*

K.[2] **Expected or Intended Injury**

This insurance does not apply to **Bodily Injury** and **Property Damage** expected or intended from the standpoint of the **Insured**. However, this exclusion does not apply to **Bodily Injury** or **Property Damage** resulting from the use of reasonable force to protect persons or property.

\* \* \*

U. **Various Personal Injury and Advertising Injury**

This insurance does not apply to **Personal Injury** and **Advertising Injury**:

1. caused by or at the direction of the **Insured** with the knowledge that the act would violate the rights of another and would inflict **Personal Injury and Advertising Injury**;

---

[2] This exclusion is amended by Endorsement No. 3 to the 2007/2008 Umbrella Policy.

6

COMPLAINT FOR DECLARATORY RELIEF

2. arising out of oral, written or electronic publication, in any manner, of material if done by or at the direction of any **Insured** with knowledge of its falsity;

3. arising out of oral, written or electronic publication, in any manner, of material whose first publication took place before the beginning of the **Policy Period**;

4. arising out of a criminal act committed by or at the direction of the **Insured**;

5. for which the **Insured** has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the **Insured** would have in the absence of the contract or agreement;

6. arising out of a breach of contract, except an implied contract to use another's advertising idea in your **Advertisement**;

7. arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your **Advertisement**; or

8. arising out of the wrong description of the price of goods, products or services stated in your **Advertisement**.

\* \* \*

W.[3]   **Violation of Communication or Information Law**

This insurance does not apply to any liability arising out of any act that violates any statute, ordinance or regulation of any federal, state or local government, including any amendment of or addition to such laws, that prohibits or limits the sending, transmitting or communicating of material or information.

\* \* \*

VI.   **CONDITIONS**

\* \* \*

G.[4]   **Duties in the Event of an Occurrence, Claim or Suit**

---

[3] This exclusion is contained in the 2008/2009 and 2009/2010 Umbrella Policies. It is also repeated at Endorsement No. 6 to the 2007/2008 Umbrella Policy provides. *See* Paragraph 17, below.

[4] This condition is amended by Endorsement No. 14 to the 2007/2008 Umbrella Policy, Endorsement No. 10 to the 2008/2009 Umbrella Policy, and Endorsement No. 8 to the 2009/2010 Umbrella Policy.

1. You must see to it that we are notified as soon as practicable of an **Occurrence** that may result in a claim or **Suit** under this policy. To the extent possible the notice should include:

    a. how, when and where the **Occurrence** took place;

    b. the names and addresses of any injured persons and any witnesses; and

    c. the nature and location of any injury or damage arising out of the **Occurrence.**

2. If a claim is made or **Suit** is brought against any **Insured** which is reasonably likely to involve this policy, you must notify us in writing as soon as practicable.

    Written notice should be mailed or delivered to:[5]

    AIG Technical Services, Inc.
    Excess Casualty Claims Department
    175 Water Street
    New York, NY 10038

3. You and any other involved **Insured** must:

    a. immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or **Suit**;

    b. authorize us to obtain records and other information;

    c. cooperate with us in the investigation, settlement or defense of the claim or **Suit**; and

    d. assist us, upon our request, in the enforcement of any right against any person or organization that

---

[5] The 2008/2009 and 2009/2010 Umbrella Policies state that:

Written notice should be mailed, delivered, faxed or emailed to:

AIG Domestic Claims, Inc.
Excess Casualty Claims Department
Segmentation Unit
175 Water Street, 22nd Floor
New York, NY 10038
Fax: (866) 743-4376
Email: excessfnol@aig.com

may be liable to the **Insured** because of injury or damage to which this insurance may also apply.

4. No **Insured** will, except at that **Insured's** own cost, voluntarily make a payment, assume any obligation or incur any expense, other than for first aid, without our consent.

You must also provide us with immediate written notice of:

a. any claim, either paid or reserved, for twenty five percent (25%) or more of the applicable limits of **Scheduled Underlying Insurance**; and

b. any claim for an **Occurrence** not covered by **Scheduled Underlying Insurance** nor by any **Other Insurance** providing coverage to the **Insured** in which the requested damages exceed the **Self Insured Retention**... .

\* \* \*

VII. **DEFINITIONS**

A. **Advertisement** means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

1. notices that are published include material placed on the Internet or on similar electronic means of communication; and

2. regarding web-sites, only that part of a web-site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

\* \* \*

C.[6] **Bodily Injury** means bodily injury, sickness or disease sustained by any person, including death or mental anguish resulting from any of these at any time.

\* \* \*

S. **Occurrence** means:

1. as respects **Bodily Injury** or **Property Damage**, an accident, including continuous or repeated exposure to substantially the same general harmful conditions. All such

---

[6] This definition is modified by Endorsement No. 3 to the 2007/2008 Umbrella Policy.

exposure to substantially the same general harmful conditions will be deemed to arise out of one **Occurrence**.

2. as respects **Personal Injury and Advertising Injury**, an offense arising out of your business that causes **Personal Injury and Advertising Injury**. All damages that arise from the same, related or repeated injurious material or act will be deemed to arise out of one **Occurrence**, regardless of the frequency or repetition thereof, the number and kind of media used and the number of claimants.

\* \* \*

U. **Personal Injury and Advertising Injury** means injury arising out of your business, including consequential **Bodily Injury**, arising out of one or more of the following offenses:

1. false arrest, detention or imprisonment;

2. malicious prosecution;

3. the wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies committed by or on behalf of its owner, landlord or lessor;

4. oral or written publication, in any manner, of material that slanders or libels a person or organization, or disparages a person's or organization's goods, products or services;

5. oral or written publication, in any manner, of material that violates a person's right of privacy;

6. the use of another's advertising idea in your **Advertisement**; or

7. infringement upon another's copyright, trade dress or slogan in your **Advertisement**.

V. **Policy Period** means the period of time from the inception date shown in Item 2 of the Declarations to the earlier of the expiration date shown in Item 2 of the Declarations or the effective date of termination of this policy.

\* \* \*

Y. **Property Damage** means:
1. physical injury to tangible property, including all resulting loss of use of that property. All such loss of use will be deemed to occur at the time of the physical injury that cause it; or

       2.      loss of use of tangible property that is not physically injured. All such loss of use will be deemed to occur at the time of the **Occurrence** that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells,

data processing devises or any other media which are used with electronically controlled equipment.

    Z.    **Retained Limit** means:

       1.      the total applicable limits of **Scheduled Underlying Insurance** and any applicable **Other Insurance** providing coverage to the Insured; or

       2.      the **Self-Insured Retention** applicable to each **Occurrence** that results in damages not covered by **Scheduled Underlying Insurance** nor any applicable **Other Insurance** providing coverage to the **Insured**.

          \*    \*    \*

17.    Endorsement No. 6 to the 2007/2008 Umbrella Policy provides:

### Endorsement No. 6

### Commercial Umbrella Liability Policy with Crisis Response®

### Violation of Communications or Information Law Exclusion Endorsement

This policy is amended as follows:

**Section V. EXCLUSIONS** is amended to include the following additional exclusion:

**Violation of Communications or Information Law**

This insurance does not apply to any liability arising out of any act that violates any statute, ordinance or regulation of any federal, state or local government, including any amendment of or addition to such laws, that prohibits or limits the sending, transmitting or communicating of material or information.

It is understood that to the extent any coverage may otherwise be available under this policy or any of its endorsements, the provisions of this exclusion will supercede.

All other terms, definitions, conditions and exclusions remain unchanged.

\* \* \*

## COUNT 1

## DECLARATORY JUDGMENT

18. National Union hereby incorporates and realleges the allegations in paragraphs 1-17 as if fully set forth herein.

19. There exists a genuine and bona fide dispute and an actual controversy and disagreement between National Union and Payless and Collective Brands concerning whether the Umbrella Policies provide coverage for the Underlying Lawsuits.

20. Pursuant to the Uniform Declaratory Judgment Act, 28 US.C. §§ 2201 and 2202, National Union in good faith requests that the Court declare the following:

 a. That the Umbrella Policies do not provide coverage for the Underlying Lawsuits because the Retained Limits have not been exhausted.

 b. That the Umbrella Policies do not provide coverage for the Underlying Lawsuits because they do not allege "bodily injury" as that term is defined in the Umbrella Policies.

 c. That the Umbrella Policies do not provide coverage for the Underlying Lawsuits because they do not allege "property damage" as that term is defined in the Umbrella Policies.

 d. That the Umbrella Policies do not provide coverage for the Underlying Lawsuits because they do not allege "personal injury and advertising injury" as that term is defined in the Umbrella Policies.

 e. That the Umbrella Policies do not provide coverage for the Underlying Lawsuits because they do not allege an "occurrence" as that term is defined in the Umbrella Policies.

 f. That the Umbrella Policies do not provide coverage for the Underlying Lawsuits because any coverage would be excluded under Exclusion W of the 2008/2009 and 2009/2010 Umbrella Policies, and the exclusion found in Endorsement No. 6

COMPLAINT FOR DECLARATORY RELIEF

to the 2007/2008 Umbrella Policy, which preclude coverage for any liability arising out of any act that violates any statute, ordinance or regulation of any federal, state or local government, including any amendment of or addition to such laws, that prohibits or limits the sending, transmitting or communicating of any material or information.

g. That the Umbrella Policies do not provide coverage for the Underlying Lawsuits because any coverage would be excluded under Exclusion K, which precludes coverage for bodily injury or property damage expected or intended by Payless or Collective Brands.

h. That the Umbrella Policies do not provide coverage for the Underlying Lawsuits because any coverage for personal injury and advertising injury would be excluded under one or more of the various exclusions set forth in Exclusion U.

i. That the Umbrella Policies do not provide coverage for the Underlying Lawsuits because all of the calls or text messages alleged in the Underlying Lawsuits were made before the inception date of the Umbrella Policies.

j. That the Umbrella Policies do not provide coverage for the Underlying Lawsuits if Payless or Collective Brands were aware of the claims prior to the inception dates of the Umbrella Policies.

l. That the Umbrella Policies do not provide coverage for the Underlying Lawsuits because any coverage would be excluded under additional exclusions set forth in the Umbrella Policies.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff National Union Fire Insurance Company of Pittsburgh, Pa. prays as follows:

(1) For a judgment declaring that the Umbrella Policies do not provide coverage for the claims against Payless and Collective Brands in the Underlying Lawsuits;

(2) For a judgment declaring that National Union has no duty to defend Payless and Collective Brands in the Underlying Lawsuits;

(3) For a judgment declaring that National Union has no duty to indemnify Payless and Collective Brands in the Underlying Lawsuits; and

(4) For such other and further relief this Court may deem just and proper.

DATED: April 19, 2011

SEDGWICK LLP

By: _____
Bruce D. Celebrezze
Nicholas J. Boos
Attorneys for Plaintiff
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.